## MAXWELL *v.* PRICHARD.

Where upon the trial of an action brought upon promissory notes given for the purchase-money of certain land the defense relied upon involved the question whether the land was sold by the plaintiff to the defendant at so much per acre, or by the tract, a charge predicated upon the defendant's theory that the land was sold by the acre was erroneous when there was no evidence to support it.

Submitted May 6, — Decided May 24, 1901.

Complaint on notes. Before Judge Butt. Harris superior court. January 5, 1901.

*S. B. Hatcher* and *J. H. Martin*, for plaintiff.

*B. H. Walton*, for defendant.

FISH, J. The plaintiff, Mrs. Maxwell, sued the defendant, Mrs. Prichard, upon two promissory notes for one hundred dollars each. The defendant pleaded that the notes were given for the balance due upon the purchase-money of one hundred acres of land which she had bought from the plaintiff, through an agent of the latter, at six dollars per acre; that at the time of the purchase she paid the sum of four hundred dollars and gave the two notes sued on; that she bought on the faith of the representations of the plaintiff's agent that there were one hundred acres in the tract, but afterwards discovered that it contained only seventy-nine acres. She also alleged "that the difference between what she bought, viz. one hundred acres, and what she received, viz. seventy-nine acres, is such a mistake on the part of the plaintiff as to amount to a fraud upon this defendant." She further alleged that she had tendered to plaintiff's duly authorized agent the sum of eighty dollars and sixty-two cents, the balance due for the land, and demanded a deed, which tender was by him refused. She prayed that she be allowed to pay this sum into court, that the notes be cancelled, and that the plaintiff be required to execute to the defendant a deed for the seventy-nine acres. Upon the trial the jury returned a verdict in favor of the plaintiff for eighty dollars and sixty-two cents; whereupon the plaintiff made a motion for a new trial, which was overruled, and she excepted. One of the grounds of the motion for a new trial was that the court erred in charging the jury as follows: " If you believe from the evidence that the defendant purchased the land from the plaintiff or her agent at so much per acre, to wit six dollars per acre, and it turns out that there is a shortage in the number of acres, then you will be authorized to deduct the amount of the shortage from the amount claimed to be due by the plaintiff on the notes sued on;" the assignment of error being that "the evidence did not authorize said charge." We think this ground of the motion should have been sustained. We have examined the evidence contained in the record very carefully, and find nothing in it which tends to support the defendant's contention that the

land was purchased at six dollars per acre. The only witness who testified in behalf of the defendant, in reference to the purchase of the land, was her husband, C. H. Prichard. Upon this subject, upon direct examination, he testified: "The notes sued on were given for one hundred acres of land bought by witness for his wife, the defendant, from W. H. Thompson as agent for plaintiff. Thompson said there were one hundred acres of land, and sold it to me for my wife for six hundred dollars. I paid four hundred dollars cash, and my wife gave the notes sued on for the balance, and took the bond for titles I hold in my hand." On cross-examination he testified: "I did not buy the land from Eugene Thompson. I did go to see him to buy the land and agreed to give him six hundred dollars for it, and pay three hundred and fifty dollars cash and balance on time. He said he would write to Mrs. Maxwell. After that W. H. Thompson saw me at my home one evening, and said he was willing to sell me the place for six hundred dollars, four hundred dollars cash and balance in two notes. We agreed to the proposition, and agreed to meet at Hobb's next day and sign up the papers. We met at Hobb's next day, and my wife signed the notes and I paid W. H. Thompson four hundred dollars in cash." It will be seen that there is nothing whatever in this testimony which shows that the land was sold by the acre and not by the tract. Nothing seems to have been said in reference to the price per acre. According to the testimony of Prichard, the tract of land was simply represented by the plaintiff's agent, who made the trade for her, to contain one hundred acres, and was sold for the round sum of six hundred dollars. The mere fact that, if there were one hundred acres in the tract, the price agreed to be paid would have been at the rate of six dollars per acre makes no difference. The question is not one of arithmetic, but one of contract. What was the contract between the parties? Was the land sold by the acre, or by the tract? To purchase land at six dollars per acre is one thing, and to purchase a tract of land, represented to contain one hundred acres, at six hundred dollars is another and an entirely different thing. The evidence introduced by the defendant not only wholly failed to support her contention that the land was sold to her by the acre, but it did not even tend to contradict the evidence in behalf of the plaintiff that the land was not sold by the acre, but by the tract. There was no evidence in the case upon which to base the charge complained of.

This charge being upon the vital issue in the case and being unauthorized by the evidence, the court erred in overruling the motion for a new trial.

*Judgment reversed. All the Justices concurring.*